UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MD 20770
(301) 344-0393
FAX (301) 344-0394

January 15, 2010

**VIA ELECTRONIC FILING**

Stephen Howard Ring, Esq.
Stephen H. Ring, PC
506 Main Street, Suite 215
Gaithersburg, MD 20878

Dana Whitehead McKee, Esq.
Brown Goldstein and Levy, LLP
120 East Baltimore Street, Suite 1700
Baltimore, MD 21202

Mary Ann L. Wymore, Esq.
Ryan Jeffrey Gavin, Esq.
Greensfelder Hemker and Gale, PC
10 South Broadway, Suite 2000
St. Louis, MO 63102

Re:   Hobby Works, Inc. et al v. Protus IP Solutions, Inc.
      Civil Action No.:  DKC-08-1618

Dear Counsel:

    The Court has received Plaintiff's Affidavit re 138 Order, Supporting Claim for Attorney's Fees Pursuant to Order ("Plaintiff's Affidavit") (Docket Item No. 145).  The Court reviewed Plaintiff's Affidavit and all related briefings.  No hearing is deemed necessary.  Local Rule 105.6 (D. Md).  For the reasons stated below, the Court GRANTS IN PART Plaintiff's request for costs and fees outlined in Plaintiff's Affidavit.

    Plaintiff submits this affidavit pursuant to the Court's June 5, 2009 Letter Order granting Docket Number 118 (Docket No. 138).  In that Order, the Court stated that it was inclined to impose sanctions for discovery failures and that Plaintiff should file an affidavit in support of an award of attorney's fees and expenses incurred for filing Plaintiff's Renewed Motion for Sanctions for Defendant's Failure to Comply with Court Order at Docket 99 (Renewed Motion for Sanctions) (Docket Item No. 118) and Plaintiff's Reply.

    Plaintiff asks the Court to award it sanctions totaling $11,250.00 for fees and expenses incurred in drafting and assembling the Renewed Motion for Sanctions, Plaintiff's Reply, and also Plaintiff's Initial Motion for Sanctions (Initial Motion) (Docket Item No. 112).   Plaintiff withdrew its Initial Motion but later re-filed it with revisions as the Renewed Motion.  Plaintiff calculates twenty-two and a half hours expended on the Renewed Motion at an hourly rate of $300, totaling $6,750.00.  For the Initial Motion, Plaintiff calculates thirty work hours, but asks

the Court for half that time, fifteen hours. Fifteen hours at an hourly rate of $300 totals $4,500.00 for the Initial Motion. In total, Plaintiff requests $11,250.00 in attorney fees for thirty-seven hours of work, which, it claims, was "reasonably necessary to present the motion properly." Plaintiff's Motion, at 3.

This Court uses a lodestar analysis to determine attorneys' fees awards, an analysis which involves multiplying the number of reasonable hours expended by a reasonable hourly rate. Robinson v. Equifax Info. Serv., 560 F.3d 235, 243 (4th Cir. 2009), *citing* Grissom v. The Mills Corp., 549 F.3d 313, 320 (4th Cir. 2008). Reasonableness is key in this analysis and the twelve *Johnson* factors guide the Court in determining what are "reasonable" hours and rates. The twelve *Johnson* factors are:

> (1) time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectation at the out-set of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; (12) attorneys' fees awards in similar cases.

*See*, Robinson v. Equifax Info. Serv., 560 F.3d 235, 243 (4th Cir. 2009); Barber v. Kimbrell's Inc., 577 F.2d 216, 226, n.28 (4th Cir. 1978) (where the court adopted the factors established in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by* Blanchard v. Bergeron, 489 U.S. 87 (1989). In determining the reasonableness of the fees requested, the Court also relies upon the Rules and Guidelines for Determining Attorneys' Fees in Certain Cases, Appendix B, Local Rules (D. Md.) ("the Guidelines").

Plaintiff requests attorney's fees for the work of one attorney with sixteen years of experience at an hourly rate of $300. The Guidelines suggest an hourly rate of $275 to $400 for work performed lawyers with fifteen years or more of experience, thus $300 per hour is reasonable under the Guidelines.

Using the *Johnson* factors, the Court find that although the hourly rate Plaintiff requests is reasonable, the number of hours Plaintiff requests is not reasonable. For this analysis the Court finds *Johnson* factors 1, 2, and 3 most persuasive; Plaintiff's Renewed Motion and the accompanying legal memorandum were short in length and the arguments were neither complex nor novel. These factors, particularly in comparison to Plaintiff's counsel's years of experience, renders excessive Plaintiff's request for twenty-two hours of work for the Renewed Motion for Sanctions. The Court, instead, awards Plaintiff fees for 10 hours of work for Plaintiff's Renewed Motion for Sanctions. Additionally, Plaintiff's request for attorney's fees for Plaintiff's Initial Motion is also unreasonable. The Court did not announce an award for sanctions following the granting of Plaintiff's Initial Motion. The Court's sanctions award is based on the very limited concern that Defendant failed to produce any of the ordered discovery in a timely fashion in response to the Renewed Motion for Sanctions. Consequently, the Court awards no fees or expenses for Plaintiff's Initial Motion.

  Given the lodestar calculation, review of the *Johnson* factors, the Guidelines, and the type and length of Plaintiff's Motion, the Court grants Plaintiff costs and fees only for 10 hours at an hourly rate of $300, totaling $3,000.00.

  Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an Order of the Court.

            Very truly yours,

            _____/s/_____
            Charles B. Day
            United States Magistrate Judge

CBD/ec